**Affirmed and Memorandum Opinion filed October 22, 2024.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-22-00819-CR

_____

**DAVID HOWARD EDWARDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 21-CR-1717**

## MEMORANDUM OPINION

In this appeal from a conviction for driving while intoxicated, the sole question presented is whether counsel was ineffective for failing to call an expert witness. On this record, we cannot say that he was.

### BACKGROUND

Appellant caused a low-speed collision with another vehicle. He then failed his field-sobriety tests and was arrested for driving while intoxicated.

The arresting officer was equipped with a body camera, and video of the officer's interaction with appellant was admitted into evidence during appellant's trial on the merits. At the beginning of the video, appellant admitted that he had been drinking that day, but he said that he had only consumed one beer ninety minutes earlier. He also revealed that he suffered from brain damage and that he had been taking certain medications ever since he was injured in a wreck six months earlier, but he did not know whether those medications were contraindicated with alcohol.

The officer tried to administer the horizontal gaze nystagmus test, but the officer had to abandon the test because appellant failed to follow the officer's instructions. According to the officer, appellant was moving his head improperly, and his eyes were not precisely tracking the officer's pen, which were movements that the officer described to appellant as being "deceitful."

For the remaining two field-sobriety tests, the officer opined that appellant exhibited several clues of intoxication. On the walk and turn test, appellant failed to touch his heel with this toe, he used his arms for balance, and he made an improper turn. And on the one-legged stand test, he again used his arms for balance, he swayed, and he improperly brought his foot down. Based on these clues, as well as appellant's statements and an apparent smell of alcohol, the officer determined that appellant had been driving at a time when he had lost the normal use of his mental and physical faculties.

The officer requested a blood specimen, but appellant refused his consent. The officer then applied for a warrant, which was granted by a court, and appellant's blood was drawn at a hospital. A subsequent blood test did not detect the presence of any particular drugs. However, the blood test showed that appellant had a concentration of 0.081 grams of alcohol per 100 milliliters of blood. The test had a margin of error of 0.004, which meant that appellant could have had a blood alcohol

2

concentration as low as 0.077 or as high as 0.085 at the time that the specimen was collected. There was no retrograde extrapolation testimony to determine appellant's blood alcohol concentration at the time of the collision, as defense counsel successfully moved to exclude it.

The only defense witness was one of appellant's friends. The friend testified that, before he was charged in this case, appellant was seriously injured in a motorcycle accident, which had left him unconscious in the hospital for days. Since that accident, the friend testified that appellant has had issues with his balance and he has been unable to climb ladders.

In his closing statements, counsel asserted that the prosecution had not met its burden of proof beyond a reasonable doubt. Counsel argued that the blood test was not conclusive because the margin of error demonstrated that appellant may not have been intoxicated per se. Counsel also challenged the officer's testimony that appellant was impaired, which would otherwise demonstrate that appellant was intoxicated. Referring to appellant's medical records and the testimony from his friend, counsel argued that the officer did not understand the full scope of appellant's previous injuries or how those injuries impacted his ability to perform the field-sobriety tests.

The jury rejected counsel's arguments and convicted appellant as charged.

## ANALYSIS

Appellant complains that his counsel was ineffective for not calling an expert witness to testify that his brain injuries affected his performance under the field-sobriety tests. We review this complaint under the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984). Under that standard, appellant must prove by a preponderance of the evidence that his counsel's performance was deficient, and that

3

the deficient performance was so prejudicial that it deprived him of a fair trial. *Id.* at 687.

When, as here, a defendant claims that his counsel was ineffective because of an uncalled witness, the defendant must show that the witness had been available to testify and that his testimony would have been of some benefit to the defense. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004).

Prior to this appeal, appellant moved for a new trial, but he did not attach any evidence to his motion. And because appellant did not present his motion to the trial court for a hearing either, no such hearing was ever held, and there has been no showing that an uncalled expert witness was available to testify. Accordingly, appellant has not met his burden of showing that his counsel was ineffective.

Appellant also suggests that counsel was ineffective because counsel failed to elicit testimony, either from an expert or from "any other witness," as to whether appellant was suffering from the effects of a preexisting brain injury at the time of his field-sobriety tests. But that evidence was already before the jury, as appellant affirmatively stated on the video from the officer's body camera that he had brain damage.

Appellant finally appears to liken his case to *Lopez v. State*, 462 S.W.3d 180 (Tex. App.—Houston [1st Dist.] 2015, no pet.), which held that an attorney was ineffective for not conducting a reasonable investigation into his client's background, and for delegating the important task of developing mitigation evidence to the client instead. *Id.* at 187. Appellant does not clearly explain how *Lopez* is comparable. There has been no showing that counsel here did not investigate the facts of appellant's case, or that he delegated any tasks to appellant. *Lopez* is further distinguishable on the grounds that the attorney there filed an affidavit averring that he was unaware that his client suffered from any mental health issues that could have

4

been presented as evidence; whereas in appellant's case, the record is completely silent as to counsel's reasons for pursuing his particular trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (presuming that counsel acts according to a sound trial strategy); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (holding that this presumption cannot ordinarily be rebutted on a silent record).

Perhaps counsel did not believe that an expert witness would be helpful, considering that appellant had already affirmatively stated on video that his doctors had cleared him to drive, notwithstanding his injuries and medications. Or perhaps counsel thought that the best strategy of sowing reasonable doubt was to fault the officer on cross-examination for not considering appellant's previous injuries and their potential impact on the administration of the field-sobriety tests.

Whatever his counsel's strategy may have been, appellant has not established on this record that counsel was ineffective for failing to call an expert witness.

## CONCLUSION

The trial court's judgment is affirmed.


/s/     Tracy Christopher
        Chief Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

Do Not Publish – Tex. R. App. P. 47.2(b).